Argued November 28; affirmed December 19, 1933

## A. MATHER, Inc., v. ELWERT et al.

(27 P. (2d) 888)

*C. O. Fenlason* and *O. A. Neal,* both of Portland, for appellant.

*E. B. Tongue,* of Hillsboro (Eugene Dowling, of Portland, on the brief), for respondent.

KELLY, J. Section 51-114, Oregon Code 1930, among other things provides:

"Any person or persons who shall hereafter clear any land   *   *   *   or who shall furnish any materials, powder or explosive for use in clearing or im-

proving the same, at the request of the owner, or with his knowledge or consent, shall have a lien on said land so improved, cleared or prepared   *   *   *   for all materials or explosives so furnished,   *   *   * unless such owner   *   *   *   shall within three days after he shall have obtained knowledge of said clearing, *   *   *   give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place on said land.''

On November 13, 1930, a written contract was signed by defendant, Fred Elwert, as owner of the premises in suit and by defendants Ogle and VanHoy, who agreed to clear said premises.

It is urged by plaintiff that Ogle and VanHoy began said clearing and that defendant, Fred Elwert, obtained knowledge thereof on the day before the above mentioned contract was signed, namely on November 12, 1930.

It is also urged by plaintiff that no notice of nonliability was posted by defendants, Elwert, until November 23, 1930.

The trial court found that on November 13, 1930, defendants, Ogle and VanHoy, began the performance of said contract and the work of clearing said tract of land.

The trial court also found that on the 16th day of November, 1930, and within three days of the date he entered into said contract for the clearing of said lands, the defendant, Fred Elwert, owner of said premises, posted and caused to be posted in a conspicuous place on said premises a notice in writing notifying all persons that the defendants, Elwert, would not be responsible or liable for, or pay for, any labor performed or material furnished for use upon or about said premises.

The testimony is conflicting as to the time of posting said notice of nonliability. Defendant, Elwert,

and his son, Leo Elwert, testify positively that it was posted on Sunday, November 16, 1930. Defendants, Ogle and VanHoy, testify that they saw no such notice on said premises until November 23, 1930.

■ It is in evidence, as found by the trial court, that prior to the purchase of the materials, powder and explosives from the plaintiff, for which the lien herein is sought, the defendants, Ogle and VanHoy, through agents and representatives of the DuPont Powder Company, advised the plaintiff of the conditions of said written contract, which, in part, were to the effect that said Ogle and VanHoy would in all respects and for every purpose see the party of the second part (Elwert) free of all damage, and/or claims of third persons whether for injury suffered, labor performed, material furnished or whatsoever cause and that said Ogle and VanHoy would not allow nor cause any lien to be filed against said premises for any labor and/or material furnished.

This indicates that from the inception of the contract, defendant, Elwert, intended to disclaim and disavow any liability to a third person for material furnished Ogle and VanHoy in said work. Not only that, plaintiff had express notice of that intention before delivering any material for said work. That fact, in itself, would not prevent the creation of a lien for materials furnished by plaintiff, but it serves to justify a close scrutiny of the record by a court of equity before any such lien should be established.

■ The learned and experienced trial court had the advantage of seeing and hearing the witnesses and, in the conflicting state of the record, we are unwilling to disturb his findings.

While it may be said that some work was done by Ogle and VanHoy on the day before the signing of said

written contract, we are unable to convince ourselves that Elwert obtained knowledge thereof before the written contract was executed.

■ It is also urged that the trial court abused its discretion in refusing to grant plaintiff a second continuance in order to secure the testimony of one S. O. Olson. Defendant, Fred Elwert, testified that Olson was present when he "got done posting the notices".

Upon application of plaintiff, a continuance was taken from Monday, January 24, 1932, to Friday, January 29, 1932, to enable plaintiff to secure the attendance of said Olson as a witness. Plaintiff was unable to locate him then. The case was concluded. And thereafter, plaintiff made an application to reopen the case and take the testimony of said Olson. This second application was supported by an affidavit of said Olson to the effect that he was working upon said premises for Ogle and VanHoy, beginning his labors there not later than November 12, 1930; that he was in and about the premises continuously; that he remembered very distinctly two deliveries of explosives made by the plaintiff; that no part of the premises were posted at the time plaintiff made either of said deliveries, or up until the Sunday following the second delivery, namely, the 23d day of November, 1930; and that he did not actually see the notices posted but did see them on Monday forenoon, November 24th, for the first time.

Plaintiff's motion to reopen the case was overruled by the trial court. The testimony thus sought to be elicited is cumulative in its nature and we think the trial court did not abuse its discretion in refusing to grant plaintiff further time to present it.

The decree of the circuit court is affirmed.

CAMPBELL, J., not sitting.